O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKOLAY KALINICHENKO,<br><br>        Plaintiff,<br>   v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY; DOES 1–50, inclusive,<br><br>        Defendants. | Case No. 2:13-cv-08747-ODW(PLAx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

On November 26, 2013, Defendant Transamerica Life Insurance Company removed this case to this Court, ostensibly invoking diversity jurisdiction under 28 U.S.C. § 1332. But after considering Transamerica's Notice of Removal, the Court finds that Transamerica has failed to adequately allege Plaintiff Nickolay Kalinichenko's citizenship sufficient to establish diversity jurisdiction. The Court therefore **REMANDS** this case to Los Angeles County Superior Court, case number BC526321.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may only remove a suit filed in state court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal

1  "jurisdiction must be rejected if there is any doubt as to the right of removal in the
2  first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party
3  seeking removal bears the burden of establishing federal jurisdiction.  *Durham v.*
4  *Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at
5  566).

6        Federal courts have original jurisdiction where an action presents a federal
7  question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332.
8  To exercise diversity jurisdiction, a federal court must find complete diversity of
9  citizenship among the adverse parties, and the amount in controversy must exceed
10  $75,000, usually exclusive of interest and costs.  28 U.S.C. § 1332(a).  For complete-
11  diversity purposes, a natural person's citizenship is "determined by her state of
12  domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853,
13  857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943)
14  ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court
15  of the United States is not dependent upon the residence of any of the parties, but
16  upon their citizenship.").

17        In its Notice of Removal, Transamerica alleges that "Plaintiff has at all times
18  resided in California and is therefore a citizen of California."  (Not. of Removal ¶ 5;
19  *see also* Ex. A, ¶ 1.)  But this allegation fails to establish Plaintiff's citizenship on
20  removal.  While a party's residence may be prima facie evidence of that party's
21  domicile when an action is brought in federal court in the first instance, *see State*
22  *Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), mere residence
23  allegations do not suffice to establish citizenship on removal in light of the strong
24  presumption against removal jurisdiction.  *See Kanter*, 265 F.3d at 857; *Gaus*, 980
25  F.2d at 567.

26        Neither does Transamerica cite any objective facts to establish that
27  Kalinichenko is a California citizen, such as "voting registration and voting practices,
28  location of personal and real property, location of brokerage and bank accounts,

location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

Left with just a bare, inadequate residency allegation, the Court finds that Transamerica has not competently established that this Court has diversity jurisdiction over this case. The Court therefore **REMANDS** this case to the Los Angeles County Superior Court, case number BC526321. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

December 6, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**